

FILED
NOV 2 1 2023
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BRANDON C. TISDALE,**

    Petitioner,

v.                                    CRIMINAL NO. 2:18-cr-177(7)
                                        CIVIL NO. 2:23-cv-267

**UNITED STATES OF AMERICA,**

    Respondent.

*MEMORANDUM OPINION & ORDER*

Before the Court is BRANDON C. TISDALE'S ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Mot. Vacate, ECF No. 626 ("Pet'r's Mot."). The Government has responded to the Motion, and Petitioner replied. Resp. Mot. Vacate, ECF No. 632 ("Gov't's Resp."); Reply Supp. Mot. Vacate, ECF No. 635 ("Pet'r's Reply"). The matter is now ripe for judicial determination. Having reviewed the relevant filings, the Court finds that a hearing is not necessary to address Petitioner's Motion. *See* 28 U.S.C. § 2255(b) (A court shall grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."). For the reasons below, Petitioner's Motion is **GRANTED in part and DENIED in part.**

    **I.**     **FACTUAL AND PROCEDURAL HISTORY**

On December 6, 2018, Petitioner was named alongside nine co-defendants in an eight-Count indictment that charged Petitioner with seven Counts: Conspiracy to Interfere with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a) (Count One); Interference and Attempted Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts Two, Four, and Six); and Using and Carrying a Firearm During and In

1

Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Counts Three, Five, and Seven). Indict., ECF No. 1. On February 28, 2019, Petitioner pled guilty pursuant to a plea agreement to the following five Counts:

- Count One: Conspiracy to Interfere with Commerce by Means of Robbery ("Hobbs Act Robbery"), in violation of 18 U.S.C. § 1951(a);

- Count Four: Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a);

- Count Five: Brandishing a Firearm During a Crime of Violence (Count Four), in violation of 18 U.S.C. § 924(c)(1)(A)(ii);

- Count Six: Attempted Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; and

- Count Seven: Discharging and Brandishing a Firearm During a Crime of Violence (Count Six), in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

ECF Nos. 131–32, 333.

According to the Presentence Investigation Report ("PSR"), which incorporated the Statement of Facts that Petitioner agreed to as part of his plea agreement, from on or about September 25, 2018, to on or about October 3, 2018, in the Eastern District of Virginia, Petitioner and his co-defendants engaged in a conspiracy and interfered with commerce by means of robbery. Presentence Invest. Report ¶ 14, ECF No. 438 ("PSR"); *see also* Statement of Facts, ECF No. 133. The conspiracy involved Petitioner and his co-defendants robbing grocery stores at gunpoint to obtain or attempt to obtain U.S. currency. PSR at ¶ 14. As part of the conspiracy, Petitioner and his co-defendants used, at least, a six-member team on each robbery, comprising of inside and outside lookouts, getaway drivers, and two masked gunmen. *Id.*

On or about September 25, 2018, in the Chesapeake, Virginia, Petitioner and his co-defendants robbed a Food Lion grocery store. *Id.* Petitioner served as a look-out with two other co-conspirators. *Id.* Two co-conspirators each brandished and pointed a firearm in the direction of two Food Lion employees and a customer, forced them to get on the ground, and stole approximately $4,880 at gunpoint. *Id.*

On or about September 29, 2018, in the Virginia Beach, Virginia, Petitioner and his co-defendants robbed a Food Lion grocery store. *Id.* Petitioner served as a lookout with three other co-conspirators. *Id.* One co-conspirator pressed a firearm directly into the back of a Food Lion employee, forced her to move to an office to obtain keys to the store safe, and worked with another co-conspirator to steal approximately $731. *Id.*

On or about October 3, 2018, in the Virginia Beach, Virginia, Petitioner and his co-defendants attempted to rob a Harris Teeter grocery store and attempted to take U.S. currency. *Id.* Petitioner served as a lookout with one other co-conspirator. *Id.* Two co-defendants forced an employee over to a safe and told him to open it and give them the money. *Id.* The Harris Teeter employee was unable to open the safe and was then pushed over a grocery cart. *Id.* One of the co-defendants fell over in the scuffle. *Id.* When the co-defendant stood back up, he pointed his weapon at the employee and discharged his firearm multiple times at the employee, striking said employee one time. *Id.*

Petitioner was assessed a Criminal History Category of III and a Total Offense Level of 31. *Id.* at ¶¶103–04. On October 3, 2019, the Court sentenced Petitioner to a term of one hundred and fifty-four (154) months in prison, consisting of ninety-four (94) months on Counts One, Four, and Six, to be served concurrently; sixty (60) months on Count Five, to be served consecutively;

and sixty (60) months on Count Seen, to be served concurrently with Count Five. ECF Nos. 330, 333.

On June 14, 2023, Petitioner filed the instant Motion. ECF No. 626. *Id.* at 1. The Government responded on July 7, 2023. Resp. to Mot., ECF No. 632 ("Gov't's Resp."). Petitioner replied on July 25, 2023. Pet'r's Reply, ECF No. 635.

## I. LEGAL STANDARD

### A. 28 U.S.C. § 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). In a motion based on § 2255 ("§ 2255 motion"), the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). *Pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a timely § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See Untied States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493.

### B. Crime of Violence Under 18 U.S.C. § 924(c)

Section 924(c)(1)(A) provides that a person who "uses or carries a firearm" "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying crime *and* the additional, distinct crime of utilizing a firearm in connection with a "crime of violence." 18 U.S.C. § 924(c)(1)(A) (2018). Using a firearm in connection with a crime of violence is punishable by at least five consecutive years of imprisonment, with at least seven years of imprisonment if the firearm is brandished, and at least ten years of imprisonment if the firearm is discharged. § 924(c)(1)(A)(i)–(iii). Section 924(c)(3) defines a "crime of violence" as "an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

§ 924(c)(3)(A)–(B). Courts commonly refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) as the "residual clause."

In June of 2019, the United States Supreme Court in *United States v. Davis* held that the "residual clause" is unconstitutionally vague. 139 S. Ct. 2319 (2019). Therefore, courts may only impose sentences for the distinct firearm offenses found in § 924(c)(1)(A) through the "force clause" under 18 U.S.C. § 924(c)(3)(A). The Supreme Court has further held that neither a conspiracy to commit Hobbs Act robbery nor an attempted Hobbs Act robbery contain the necessary elements of use, attempted use, or threatened use of physical force to serve as predicate offenses for an additional § 924(c)(1)(A) charge. *United States v. Taylor*, 142 S. Ct. 2015, 2020, 2025 (2022).

## II. DISCUSSION

Petitioner raises two arguments. First, Petitioner argues that his § 924(c) conviction under Count Seven no longer relies on crimes of violence after *Taylor*, because they rely on convictions for attempted Hobbs Act robbery. Pet'r's Mot. at 5–6. The Government agrees that the conviction and sentence on Count Seven should be vacated in light of *Taylor*. Gov't's Resp. at 2. Second, Petitioner argues his conviction under Count Five should be vacated because completed Hobbs Act robbery is also not a crime of violence under § 924(c). Pet'r's Mot. at 7–12. The Government opposes this argument and counters that Petitioner's motion on Count Five is untimely, procedurally defective, and contrary to precedent. Gov't's Resp. at 2–5.

### A. Count Seven: § 924(c) Offense Predicated upon Attempted Hobbs Act Robbery

The predicate offense for Count Seven is Count One, Conspiracy to Interfere with Commerce by Means of Robbery, and Count Six, Attempt to Interfere with Commerce by Means of Robbery. *See* Indict. at 13. The Supreme Court has held that neither a conspiracy to commit

6

Hobbs Act robbery nor an attempted Hobbs Act robbery contain the necessary elements of use, attempted use, or threatened use of physical force to serve as predicate offenses for an additional § 924(c)(1)(A) charge. *Taylor*, 142 S. Ct. at 2020. Therefore, Count Seven does not rely on a predicate offense which is a crime of violence under the force clause of § 924(c). All of Petitioners' co-defendants who were convicted under Count Seven have had those sentences vacated following *Taylor*. *See United States v. Doyle*, No. 19-4808, 2022 WL 2914731 (4th Cir. July 25, 2022) (ECF No. 567); *United States v. Heuser-Whitaker*, No. 19-4837, 2022 WL 2914727 (4th Cir. July 25, 2022) (ECF No. 569); *United States v. Smith*, No. 19-4878, 2022 WL 5240655 (4th Cir. Aug. 4, 2022) (ECF No. 571); *Yorkshire v. United States*, No. 2:18-cr-177, 2023 WL 3741629 (E.D. Va. May 31, 2023) (ECF No. 623). For these reasons, Petitioner's conviction under Count Seven must also be vacated.

**B.     Count Five: Hobbs Act Robbery**

Petitioner also moves to vacate his conviction on Count Five on the grounds that completed Hobbs Act robbery also does not qualify as a crime of violence under § 924(c). Pet'r's Mot. at 7. Petitioner acknowledges the Court is bound by the United States Court of Appeals for the Fourth Circuit's ("Fourth Circuit") contrary holding in *United States v. Mathis*, 932 F.3d 242, 265–66 (4th Cir. 2019). Pet'r's Mot. at 7. Nonetheless, Petitioner makes three arguments: First, § 1951(a) is not divisible, meaning that just as attempted Hobbs Act robbery is not a crime of violence, neither is completed Hobbs Act robbery; second, even if the statute is divisible, a defendant can complete Hobbs Act robbery by threatening economic harm, which does not satisfy the force clause under § 924(c)(3); and third, the least culpable conduct required to complete Hobbs Act robbery does not require the use, attempted use, or threatened use of force. *See* Pet'r's Mot. at 7. The Government challenges Petitioner's Motion on Count Five as untimely and procedurally

defaulted without cause and prejudice. *See* Gov't's Resp. at 3. The Government also counters that Petitioner's arguments are "contrary to well-established precedent," including Fourth Circuit precedent post-dating *Davis* and *Taylor*. *Id.* at 2, 4–5.

Count Five validly relies on a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). *See* Indict. at 11; *Yorkshire*, 2023 WL 3741629, at *3–*4. In *United States v. Mathis*, the Fourth Circuit held that robbery pursuant to 18 U.S.C. § 1951(a) cannot be accomplished without an element that includes the use, attempted use, or threatened use of physical force against the person or property of another. 932 F.3d 242, 265–66 (4th Cir. 2019). The Fourth Circuit concluded that a Hobbs Act robbery constitutes a crime of violence under the force clause at § 924(c)(3)(A), not the residual clause at § 924(c)(3)(B). *Id.* The Fourth Circuit has also held that *Mathis* continues to apply alongside the *Davis* and *Taylor* decisions. *See United States v. Green*, 67 F.4th 657, 669 (4th Cir. 2023) ("Nothing about this Court's decision in *Mathis* conflicts with *Taylor*."); *United States v. Ivey*, 60 F.4th 99, 117 (4th Cir. 2023). Accordingly, a Hobbs Act robbery constitutes a valid crime of violence for the purposes of a § 924(c) conviction. *Mathis*, 932 F.3d at 265–66. Considering the Fourth Circuit's clear and controlling precedent on this issue, the Court declines to analyze Petitioner's arguments or the Government's defenses.

According to the Indictment, the predicate offense for Count Five was Count Four. *See* Indict. at 10–11. Specifically, Count Five charged Petitioner with using a firearm during a crime of violence, namely: "interfere with commerce by means of robbery . . . as set forth in Count Four of this Indictment." *Id.* at 11. Moreover, the fact that Petitioner's liability stems from aiding and abetting a robbery does not change the legal analysis or invalidate his crimes as those of violence. *See United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021) ("[A]iding and abetting Hobbs Act robbery is a valid predicate under § 924(c)'s force clause."); *see also United States v. Benson*, 957

F.3d 218, 240 (4th Cir. 2020) (affirming defendants' convictions for aiding and abetting the use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)). Petitioner's conviction on Count Five therefore relied on a substantive Hobbs Act robbery offense, in violation of 18 U.S.C. § 1951(a).

For these reasons, the Court declines to vacate Petitioner's sentence under Count Five.

### C. Request for Resentencing

Petitioner requests a resentencing in the event his Motion is granted in full or in part. Pet'r's Mot. at 12. Petitioner argues that co-defendant Devonta Doyle was afforded a resentencing hearing, and that Petitioner is similarly situated to Mr. Doyle because vacating Count Seven in this case would have a similar impact as it did in Mr. Doyle's case. Pet'r's Reply at 2; *see Doyle*, 2022 WL 2914731 at *2; ECF No. 618. The Government opposes the request for a resentencing hearing. Gov't's Resp. at 2.

The Court has the option to correct the sentence as may appear appropriate. 28 U.S.C. § 2255. The Court has "a 'broad and flexible' power . . . 'to fashion an appropriate remedy.'" *United States v. Hillary*, 106 F.3d 1170, 1171–72 (4th Cir.1997) (quoting *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir.1992)). As Petitioner notes in his Motion, the Court reimposed the same total sentence in Mr. Doyle's resentencing as it had in his original sentencing. *See* Pet'r's Reply at 2, n.1 (citing ECF Nos. 350, 618). The Court did not resentence co-defendant Keonte Yorkshire after vacating his sentence under Count Seven, and his total sentence also remained the same. *See Yorkshire*, 2023 WL 3741629 at *4; ECF Nos. 300, 623, 639. Considering these outcomes and in the exercise of its discretion, the Court finds that resentencing is not necessary in this case.

### III. CONCLUSION

For the reasons set forth above, the Petitioner's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255, ECF No. 626, is **GRANTED in part and DENIED in part**. Petitioner's sentence on Count Seven is **VACATED** and **SET ASIDE**. Petitioner is no longer required to serve a term of sixty (60) months concurrently to Count Five. Accordingly, the one hundred dollar ($100.00) special assessment imposed on Count Seven is an overpayment of special assessment which shall be transferred to the restitution balance the Defendant owes. All other provisions of the Court's judgment shall remain unchanged, and the Court will issue an amended judgment.

The Court **DIRECTS** the Clerk to mail a copy of this Order to counsel for Petitioner and Respondent.

**IT IS SO ORDERED.**

Norfolk, Virginia
November 21, 2023

/s/ Raymond A. Jackson
Raymond A. Jackson
United States District Judge